IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04036-RBJ

SUKHPREET SINGH ,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Sukhpreet Singh's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1.

Petitioner describes himself as a "noncitizen" in a form-type Petition that contains minimal information about him, including what country he comes from. He states that he entered the United States on or about January 23, 2023 without inspection and was apprehended shortly after his entry. ECF No. 1 at 2, 5. He was served with a Notice to Appear charging him as removable. *Id.* at 5. However, he was "released on his own recognizance on or about February 1, 2023 for the purpose of continuing his removal proceedings." *Id.*at 2. "Conditions of release included mandatory reporting, travel and residence restrictions, participation in Alternatives

to Detention ("ATD"), including electronic monitoring, and broad compliance obligations subject to unilateral ICE enforcement." *Id.* at 6.

He alleges that on or about August 17, 2026, while he was working as a commercial truck driver, he was stopped by law enforcement on Highway 85 in Wyoming. He does not indicate what the basis or claimed basis was for the stop. Local law enforcement turned him over to ICE, and he has been detained in the Denver Contract Detention Center. He alleges that he was not given written notice of the reason for his re-detention, and that ICE "did not assess whether he presented a flight risk or danger to the community., or whether his re-arrest was justified for some other reason. *Id.* at 5. He has not received a bond hearing, and he claims that a bond hearing would not cure the ongoing violations of his constitutional rights. *Id.* at 2, 3, 5-6, 10-12. Rather, he requests, among other things, that the Court order that he be immediately released. *Id.* at 13.

While this Court has received dozens of habeas petitions occasioned by the current administration's immigration policies, this Petition is unusually sparse, appearing to have been thrown together in great haste. Nevertheless, to protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of the allegations of a detained petitioner, as well as the expedited nature of habeas proceedings. But these considerations must be balanced with affording respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for petitioner is directed by Tuesday, Friday, September 4, 2026 to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" and granting respondents a 14-day deadline to respond) (omitting internal citations).

Dated: August 31, 2026. BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge