IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04036-RBJ

SUKHPREET SINGH,

Petitioner,

v.

WARDEN, Denver Contract Facility, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Sukhpreet Singh's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and asks this Court to order his release. *Id.* at 3. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 9 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

The Petition alleges that Petitioner is an "adult noncitizen" currently detained at the Denver Contract Detention Facility. ECF No. 1 at 4. On January 23, 2023, Petitioner entered the United States without inspection. *Id.* at 5. Shortly after, Immigration and Customs Enforcement ("ICE") arrested Petitioner and then released him on his own recognizance on February 1, 2023. *Id.* At the time of his arrest, the Department of Homeland Security served Petitioner with a Notice to Appear charging him as removable. *Id.* When Petitioner was released, ICE issued an Order of Release on Recognizance stating that he was not subject to mandatory detention but had conditions of release including mandatory reporting, travel and residence restrictions, and participation in Alternatives to Detention. *Id.* at 6.

On or about August 17, 2026, local law enforcement arrested Petitioner at or near Cheyenne, Wyoming while he was on duty as a commercial truck driver. *Id.* at 5. The Petition does not mention any grounds for Petitioner's arrest; it merely states that local law enforcement transferred him over to ICE's custody and he did not receive written notice of any reason for his re-detention. *Id.*

The Petition additionally alleges that prior to Petitioner's second arrest, ICE did not assess whether he presented a flight risk or danger to the community. *Id.* It also states that Petitioner never received a re-detention hearing before a neutral decision maker. *Id.* at 6. Petitioner filed an Application for Asylum and

Withholding of Removal within the 1-year filing deadline, which remains pending. *Id.*

On August 28, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his re-detention without a written notice and a pre-deprivation hearing before a neutral decisionmaker violated his right to due process. *Id.* at 12-13.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Respondents have offered no evidence to undermine Petitioner's allegations that his re-detention was unlawful, and their response brief effectively concedes as much. The brief record before the court provides no evidence of ICE providing

Petitioner with notice about the reasons for his re-detention or that he was provided with a constitutionally sufficient pre-deprivation hearing. The Court therefore concludes that Petitioner's continued detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that release is an appropriate remedy in this case if the Court grants the writ. ECF No. 9 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.

3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: September 30, 2026 BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.